**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JULY JUSTINE SHELBY,

                Plaintiff,

       v.

UNITED STATES OF AMERICA,

              Defendant.

No. 25 Civ. 6770 (VSB) (SDA)


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS


JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers St., 3rd Floor
New York, New York 10007
Tel.: (212) 637-2768
Email: kamika.Shaw@usdoj.gov
*Attorney for Defendant*


KAMIKA S. SHAW
Assistant United States Attorney
   *—Of Counsel—*

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND ..................................................................................................... 2

    I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................................... 2

    II. LEGAL STANDARDS ............................................................................... 2

        *A.*  *Fed. R. Civ. P. 12(B)(1)* .............................................................. 2

        *B.*  *Fed. R. Civ. P. 12(B)(3)* .............................................................. 3

        *C.*  *Fed. R. Civ. P. 12(B)(6)* .............................................................. 4

        *D.*  *The Federal Tort Claims Act* .......................................................... 5

ARGUMENT .......................................................................................................... 5

    I.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED FOR
        LACK OF VENUE ................................................................................. 5

    II. PLAINTIFF'S CLAIMS UNDER THE FTCA FOR NEGLIGENTLY FAILING TO
        PREVENT ASSAULT ARE BARRED BY SOVEREIGN IMMUNITY AND FAIL TO
        STATE A CLAIM ................................................................................. 8

CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*APWU v. Potter*,
   343 F.3d 619 (2d Cir. 2003)................................................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................... 4, 5

*Lassic v. United States*,
   No. 14 Civ. 9959 (KBF), 2015 WL 5472946 (S.D.N.Y. Sept. 16, 2015)................................. 5

*Calix v. Pope*,
   No. 18 Civ. 3980 (RPK) (PK), 2023 WL 6385340 (E.D.N.Y. Sept. 30, 2023)....................... 10

*Calix v. United States*,
   No. 23-7710-PR, 2024 WL 3263361 (2d Cir. July 2, 2024) .............................................. 9

*Cohen v. United States*,
   No. 23 Civ. 8099 (LTS), 2023 WL 8188424 (S.D.N.Y. Nov. 27, 2023)................................ 8

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*,
   790 F.3d 411 (2d Cir. 2015).................................................................................... 3

*Guadagno v. Wallack Ader Levithan Assoc.*,
   932 F. Supp. 94 (S.D.N.Y. 1996)............................................................................. 3

*Gulf Ins. Co. v. Glasbrenner*,
   417 F.3d 353 (2d Cir. 2005).................................................................................... 3

*In re Lululemon Secs. Litig.*,
   14 F. Supp. 3d 553 (S.D.N.Y. 2014)........................................................................ 4

*Jackson v. Stewart*,
   No. 22 Civ. 7476 (LTS), 2022 WL 16950009 (S.D.N.Y. Nov. 14, 2022) ............................. 4

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000).................................................................................... 3

*Marshall v. United States*,
   242 F. Supp. 2d 395 (S.D.N.Y. 2003).................................................................... 10

*Mathirampuzha v. Potter*,
   548 F.3d 70 (2d Cir. 2008)..................................................................................... 5

*Morales v. United States*,
   No. 22 Civ. 021 (LTS), 2022 WL 6803106 (S.D.N.Y. Sept. 19, 2022) ............................... 6

*Morrison v. Nat'l Austl. Bank Ltd.*,
   547 F.3d 167 (2d Cir. 2008).................................................................................... 3

*Qin Chen v. United States*,
   494 F. App'x 108 (2d Cir. 2012) .......................................................................... 8, 9

*Rankle v. Kabateck*,
   No. 12 Civ. 216 (VB), 2013 WL 7161687 (S.D.N.Y. Dec. 9, 2013) ................................... 3

*Sanchez v. State of N.Y.*,
   99 N.Y.2d 247 (2002)............................................................................................ 9

*Scott v. Harbeck*, No. 24 Civ. 01506 (NCM) (LKE), 2024 WL 5470399 (E.D.N.Y. Nov. 22,
   2024) .................................................................................................................. 7

*Scott v. United States*,
    No. 24 Civ. 01506 (NCM) (LKE), 2025 WL 836557 (E.D.N.Y. Mar. 17, 2025) ...................... 7
*Selevan v. N.Y. Thruway Auth.*,
    584 F.3d 82 (2d Cir. 2009)......................................................................................................... 4
*Shipping Fin. Servs. Corp. v. Drakos*,
    140 F.3d 129 (2d Cir. 1998)....................................................................................................... 3
*Sims v. Rochester Police*,
    No. 25 Civ. 9360 (LTS), 2026 WL 122677 (S.D.N.Y. Jan. 14, 2026) ...................................... 7
*Syms v. Olin Corp.*,
    408 F.3d 95 (2d Cir. 2005)......................................................................................................... 8
*United States v. Orleans*,
    425 U.S. 807 (1976)................................................................................................................... 5
*Winters v. United States*,
    No. 09 Civ. 1010 (CBA) (AC), 2010 WL 11930323 (E.D.N.Y. Sept. 30, 2010)...................... 6

**Statutes**

28 U.S.C. § 1346(b)(1) .................................................................................................................. 5
28 U.S.C. § 1406(a) ......................................................................................................................

**Rules**

Fef. R. Civ. P. 12(b)(1) .................................................................................................................. 3
Fed. R. Civ. P. 12(B)(3) ................................................................................................................. 3
Fed. R. Civ. P. 12(b)(6).................................................................................................................. 4
Fed. R. Civ. P. 12(h)(3).................................................................................................................. 3

Defendant United States of America ("Defendant" or the "Government"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion to dismiss the August 15, 2025 Complaint, ECF No. 1 ("Complaint" or "Compl."), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Julie Justine Shelby ("Plaintiff" or "Shelby"), an inmate at the Federal Medical Center, Carswell ("FMC-Carswell"), located in Fort Worth, Texas, brings this action under the Federal Tort Claims Act ("FTCA") for injuries allegedly sustained due to the negligence of the United States.  Plaintiff alleges that the United States was negligent in housing Plaintiff, a transgender person who identifies as female by housing her: 1) in a unit with men; and 2) with an inmate who allegedly sexually assaulted her and by delaying medical care after the alleged assaults.   Plaintiff's claims should be dismissed or transferred for lack of venue as she is not incarcerated in the Southern District of New York, and the alleged conduct giving rise to the Complaint did not occur in this District.  Rather, Plaintiff's claims all arise from alleged conduct that took place while she was incarcerated at the Metropolitan Detention Center, Brooklyn ("MDC"), which is located in the Eastern District of New York.   The Court should therefore transfer this case to a district where proper venue exists—in this case, the Eastern District of New York, where the claims arose, or the Southern District of Indiana, where Plaintiff resided prior to her incarceration.

Even if the Court were to find that venue is proper here, Plaintiff's complaint suffers from other fatal deficiencies.  Namely, Plaintiff's claims relating to the Government's alleged negligence in preventing the assaults are barred, as Plaintiff fails to state a claim for negligence under New York law because she does not adequately allege that the Government breached any

duty owed to her.  In light of the foregoing and for the reasons stated below, Plaintiff's claims should either be dismissed or transferred to a proper venue.

## BACKGROUND

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate currently incarcerated at FMC-Carswell.  BOP, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited Feb. 17, 2026).  Her claims are premised upon alleged conduct that took place from June to September 2022 while she was incarcerated at the MDC, in Brooklyn.  Plaintiff claims that on June 30, 2022, Federal Bureau of Prisons ("BOP") staff moved her to a housing unit with an inmate who sexually assaulted her and forced her to ingest drugs.  Compl. ¶¶ 32, 48-52.  Plaintiff asserts that the Government "knew, or should have known, that it was a virtual certainty that to house Plaintiff with [the inmate who assaulted her] would result in her being repeatedly raped and assaulted."  *Id*. ¶ 45.  She also suggests that the Government knew or should have known that "Plaintiff would not report" the inmate who assaulted her "because of the long history of rejecting Plaintiff's reporting of sexual abuse and refusing to act on it."  *Id*. ¶ 47.  Plaintiff contends that her assault and ensuing physical injuries were caused by the Government's negligence.  *Id*. ¶¶ 86-87.  Plaintiff filed the instant action pursuant to the FTCA seeking damages for the injuries she alleged she sustained as a result of the Government's negligence. *Id.* ¶ 88.

### II.    LEGAL STANDARDS

#### A.   *Fed. R. Civ. P. 12(B)(1)*

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd*., 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted). "'A case is

properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff "has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *accord APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). Where a defendant makes a factual attack on the court's jurisdiction to hear a plaintiff's claims, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations; rather the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Guadagno v. Wallack Ader Levithan Assoc.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996), *aff'd* 125 F.3d 844 (2d Cir. 1997) (citations omitted). When "deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015).

B.    *Fed. R. Civ. P. 12(B)(3)*

Plaintiff bears the burden of establishing that venue is proper. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), the court may rely on materials outside of the pleadings. *Rankle v. Kabateck*, No. 12 Civ. 216 (VB), 2013 WL 7161687, at *2 (S.D.N.Y. Dec. 9, 2013). When a case has been brought in an improper district, the court may dismiss the case or, pursuant to 28 U.S.C. § 1406(a), transfer it "to any district or division in which it could have been brought" if transfer is in the interest of justice. *Id*. In the context of FTCA claims, venue is

3

governed by 28 U.S.C. § 1402(b).  Pursuant to Section 1402(b), claims brought under the FTCA must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).  *See Jackson v. Stewart*, No. 22 Civ. 7476 (LTS), 2022 WL 16950009, at *3 (S.D.N.Y. Nov. 14, 2022) ("the proper venue for [an FTCA] claim is "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.") (internal quotation marks and citations omitted).

C.  <u>*Fed. R. Civ. P. 12(B)(6)*</u>

Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) should be granted when the complaint fails to allege all the required elements of a cause of action.  *In re Lululemon Secs. Litig.*, 14 F. Supp. 3d 553, 562 (S.D.N.Y. 2014).  A court must "assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'"  *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Allegations that are "no more than conclusions, are not entitled to the assumption of truth," and "'naked assertion[s]' devoid of 'further factual enhancement'" or "the-defendant-unlawfully-harmed-me accusation[s]" are not sufficient to show that a petitioner is entitled to relief.  *Iqbal*, 556 U.S. at 678–79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Nor must a court accept as true "legal conclusions" or "a legal conclusion couched as a factual allegation."  *Id.* (citation and quotation marks omitted.).

4

D. *The Federal Tort Claims Act*

It is well-settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Makarova*, 201 F.3d at 113 (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Moreover, "the doctrine of sovereign immunity is jurisdictional in nature, . . . and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Id.* (citing *FDIC v. Meyer*, 510 U.S. 471 (1994)). The FTCA provides a limited waiver of sovereign immunity for certain suits arising from injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Specifically, it makes "the [f]ederal [g]overnment liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008). In addition, "[u]nder the FTCA, courts are bound to apply the law of the state . . . where the accident occurred." *Makarova*, 201 F.3d at 114; *see also Lassic v. United States*, No. 14 Civ. 9959 (KBF), 2015 WL 5472946, at *4 (S.D.N.Y. Sept. 16, 2015) (A federal court "does not have jurisdiction over an FTCA action based on a legal claim that is unavailable in the state where the act occurred.") (citing 28 U.S.C. § 1346(b)(1)).

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED FOR LACK OF VENUE

The Court should either dismiss this matter, as venue is improper because Plaintiff cannot establish that she resides in the Southern District of New York or that the acts upon which she bases her allegations to place here, or transfer it to either a) the Eastern District of New York,

where the alleged actions actually took place, or b) the Southern District of Indiana, Plaintiff's place of residence for the purposes of the FTCA. As noted above, the FTCA dictates that venue is proper either where Plaintiff resides or where the alleged acts or omissions took place. First, Plaintiff cannot claim she resides in the Southern District of New York. "When a plaintiff is incarcerated, for venue purposes, there is a presumption that he retains his pre-incarceration domicile rather than establishing a new domicile based on the location of his current incarceration." *Morales v. United States*, No. 22 Civ. 021 (LTS), 2022 WL 6803106, at *1 (S.D.N.Y. Sept. 19, 2022); *Winters v. United States*, No. 09 Civ. 1010 (CBA) (AC), 2010 WL 11930323, at *3 (E.D.N.Y. Sept. 30, 2010) ("As most Circuits have held, an inmate's residence is established pre-incarceration, not based on his temporary incarceration in a district at the time of filing."). While Plaintiff does not specify where she resided prior to her incarceration, based on records maintained by the Public Access to Court Electronic Records system, Plaintiff resided in Indianapolis, Indiana at the time of her indictment, which is located in the Southern District of Indiana. *United States v. July Shelby, aka William McClain*, 17 Cr. 67, ECF No. 1 at 7. As such, venue is not proper here on the basis of Plaintiff's residence. Rather, venue based on her place of residence would be proper in the Southern District of Indiana.

Alternatively, venue also would be proper in the Eastern District of New York because the allegations in the Complaint make clear that the conduct at issue took place in that District. As noted above, venue appropriately lies in the district where "the act or omission complained of occurred" 28 U.S.C. § 1402(b). Plaintiff makes the conclusory statement that venue is proper in this District "because many of the acts and omissions giving rise to Plaintiff's claims occurred within the Southern District of New York." Compl. ¶ 3. This bare-bones assertion, without more, fails to satisfy the FTCA's statutory venue requirement. Beyond making the

6

aforementioned conclusory statement of venue, nothing in Plaintiff's complaint supports this claim.  The only allegation in the complaint that could possibly be read to support Plaintiff's statement of venue is a single, unsupported and equally conclusory statement in her complaint that had "Warden Piler not set out to violate this Court's orders, Plaintiff would have been at Otisville, not MDC, during the time described below." *Id.* ¶ 26.  "This bald assertion plainly insufficient to establish venue." *Scott v. Harbeck*, No. 24 Civ. 01506 (NCM) (LKE), 2024 WL 5470399, at *6 (E.D.N.Y. Nov. 22, 2024), *report and recommendation adopted sub nom. Scott v. United States*, No. 24 Civ. 01506 (NCM) (LKE), 2025 WL 836557 (E.D.N.Y. Mar. 17, 2025). The pleadings in the complaint demonstrate the acts giving rise to Plaintiff's complaint occurred in the Eastern District of New York.  Plaintiff alleges that in June 2022, while incarcerated at MDC, BOP staff at the facility negligently moved her to a unit where she was housed with an inmate who assaulted her.  Compl. ¶¶32-52.  She further alleges that, while still at MDC, BOP staff at the institution delayed providing her medical care. *Id.* ¶¶. 70-77.  These actions, which form the basis of Plaintiff's claim under the FCTA, all took place at MDC, which is located in the Eastern District of New York.  By the terms of the FTCA, venue is proper in the Eastern District of New York rather than this District because "the alleged events that are the bases for Plaintiff's claims under the FTCA" occurred in the Eastern District of New York. *Sims v. Rochester Police*, No. 25 Civ. 9360 (LTS), 2026 WL 122677, at *2 (S.D.N.Y. Jan. 14, 2026); *Cohen v. United States*, No. 23 Civ. 8099 (LTS), 2023 WL 8188424, at *4 (S.D.N.Y. Nov. 27, 2023) (transferring Petitioner's FTCA claims to the Northern District of Virginia because they arose at a federal correctional institution located there.).  As such, the Court should either dismiss Plaintiff's Complaint or, in the alternative, transfer it to the Eastern District of New York or the Southern District of Indiana.

II.    **PLAINTIFF'S CLAIMS UNDER THE FTCA FOR NEGLIGENTLY FAILING TO PREVENT ASSAULT ARE BARRED BY SOVEREIGN IMMUNITY AND FAIL TO STATE A CLAIM**

Assuming, *arguendo*, that Plaintiff's claims were properly venued in the Southern District of New York, sovereign immunity would still bar her claims because she would still fail to state a claim for relief based on the alleged failure to prevent the claimed assault by another inmate.  The FTCA's waiver of sovereign immunity is limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  In other words, "[t]he statute looks to state substantive law to determine whether the plaintiff has a valid cause of action."  *Syms v. Olin Corp.*, 408 F.3d 95, 107 (2d Cir. 2005); *see also Makarova*, 201 F.3d at 114 ("Under the FTCA, courts are bound to apply the law of the state . . . where the accident occurred.").  In this instance, Plaintiff's claim against the Government is barred because she fails to state a claim for negligence under New York state law because she has not established that the Government breached any duty to protect her from the alleged assault or that the Government substantially caused Plaintiff's injuries.  *See Qin Chen v. United States*, 494 F. App'x 108, 109 (2d Cir. 2012) (To maintain an action for negligence under New York law, "a plaintiff must show that there was (1) a duty owed to the plaintiff by the defendant, (2) breach of that duty by the defendant, and (3) injury sustained by the plaintiff substantially as a result of the breach.").

Plaintiff cannot demonstrate that the Government breached any duty it owed to her.  "In New York, a correctional facility owes a duty of care to safeguard inmates, even from attacks by fellow inmates."  *Calix v. United States*, No. 23-7710-PR, 2024 WL 3263361, at *3 (2d Cir. July 2, 2024) (internal quotation marks and citations omitted).   However, "[t]his does not . . . render a correctional facility "an insurer of inmate safety."  *Qin Chen,* 494 F. App'x at 109 (2d Cir. 2012)(internal quotation marks and citations omitted).  Rather, ""[t]he scope of this duty to

8

protect inmates is limited to risks of harm that are reasonably foreseeable." *Calix v. United States*, No. 23-7710-PR, 2024 WL 3263361, at *3 (2d Cir. July 2, 2024) (internal quotation marks and citations omitted). "In other words, for [Defendant] to be liable, [Plaintiff] must show that it knew or should have known of the risk of harm to [Plaintiff]." *Qin Chen*, 494 F. App'x at 109 (2d Cir. 2012); *Sanchez v. State of N.Y.*, 99 N.Y.2d 247, 260 (2002) ) (the Government breaches the duty of reasonable care owed to inmates only if "the assault was foreseeable, that is the State knew or had reason to know of an unreasonable risk of an inmate-on-inmate attack yet failed to take appropriate action to ameliorate the risk or to assist the inmate once the attack was underway.").

Here, Plaintiff has not adequately alleged that the assault was reasonably foreseeable. Plaintiff alleges that the inmate who assaulted her "is a member, and is known by Defendant to be a member of the prison gang 'Vice Lords'" and that "[a]t the time, he had recently been convicted of holding a 20-year old cellmate at razor-point, forcing that cellmate to ingest drugs, and raping him." Compl. ¶¶ 35-36. The allegation that the inmate is a gang member who had previously assaulted another prisoner do not demonstrate that Plaintiff's alleged assault by this inmate was reasonably foreseeable. Plaintiff neither alleges that she had any prior physical altercations with the inmate who she alleges assaulted her, nor that it was known that this inmate could not be safely housed with Plaintiff or transgender inmates generally. Plaintiff references one alleged prior assault involving this inmate and another prisoner, but a single prior incident is not sufficient to establish reasonable foreseeability. *See Calix v. Pope*, No. 18 Civ. 3980 (RPK) (PK), 2023 WL 6385340, at *5 (E.D.N.Y. Sept. 30, 2023), *aff'd sub nom. Calix v. United States*, No. 23-7710-PR, 2024 WL 3263361 (2d Cir. July 2, 2024). (in granting the Government's motion for summary judgment on reconsideration, the Court noted that "plaintiff point[ed] to no

decision finding an attack foreseeable because of a single prior act of violence against another inmate".).

Other Courts in this district have dismissed claims where, like here, Plaintiff fails to adequately allege that an assault was reasonably foreseeable.  For example, In *Marshall v. United States*, 242 F. Supp. 2d 395 (S.D.N.Y. 2003), the Plaintiff had a verbal argument with another inmate over use of the phone.  Plaintiff alleges that prison officers overheard the argument. *Id*. at 396. The other inmate left and returned later to attempt to use the phone. When Plaintiff refused to get off the phone, the inmate assaulted him. *Id*.  Despite the prior verbal altercation that happened the same day, the court concluded that the assault  was not reasonably foreseeable because, among other things, there was no evidence that Defendant was aware of a prior incident or existing relationship between the inmates, or that Defendant "witnessed any aspect of the assault from any vantage point that reasonably would have provided an opportunity to prevent [Plaintiff's] injury. *Id.* at 397.  Here, Plaintiff alleges even less—she points to no prior contact with the inmate who allegedly assaulted her that would provide notice to MDC officials that he might specifically pose a danger to her, and the history of violence she points to consists of a single act against a different prisoner.  Nor does Plaintiff allege facts demonstrating that the alleged assaulter had a known history of violent acts against transgender inmates.  Thus, Plaintiff's FTCA claim fails on the merits because she cannot adequately allege that the Government breached any duty it owed to her that caused the alleged assault.

**CONCLUSION**

For the foregoing reasons, this Court should grant Defendant's motion to dismiss the

Complaint.

Dated: New York, New York
        February 18, 2026

                                              Respectfully submitted,

                                              JAY CLAYTON
                                              United States Attorney
                                              Southern District of New York
                                              *Attorney for Defendants*

                            By:      /s/ *Kamika S. Shaw*
                                     KAMIKA S. SHAW
                                     Assistant United States Attorney
                                     86 Chambers Street, 3rd Floor
                                     New York, New York 10007
                                     Tel.: 212-637-2768
                                     Email: kamika.shaw@usdoj.gov

11

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(c)

I, Kamika S. Shaw, an Assistant United States Attorney for the Southern District of New York, certify that the Memorandum of Law in Support of Defendant's Motion to Dismiss conforms to the word count limit set by Local Rule 7.1(c). Local Rule 7.1(c) requires briefs in further support of a motion to not exceed 8,750 words. This brief contains 3,305 words.

Dated: February 18, 2026
        New York, New York

                              JAY CLAYTON
                              United States Attorney for the
                              Southern District of New York
                              *Attorney for Defendant*

                    By:  */s/ Kamika S. Shaw*
                              KAMIKA S. SHAW
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.:  (212) 637-2768
                              E-mail: kamika.shaw@usdoj.gov